

IN THE DISTRICT COURT OF GARFIELD COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| LANNY BAINTER, | ) | CJ-2014-35-03 |
| Plaintiff, | ) | FILED |
| | ) Case No. | GARFIELD COUNTY, OKLA. |
| vs. | ) | |
| | ) | FEB 19 2014 |
| CENTRAL UNITED LIFE INSURANCE | ) | |
| COMPANY, | ) | MARGARET E. JONES |
| Defendant. | ) | COURT CLERK |
| | | BY_____ |
| | | DEPUTY COURT CLERK |

## PETITION

COMES NOW Plaintiff, Lanny Bainter ("Bainter"), for his cause of action against Defendant, Central United Life Insurance Company ("Central"), states as follows:

### THE PARTIES

1. Lanny Bainter is a citizen and resident of Garfield County, Oklahoma.

2. Central United Life Insurance Company is a foreign corporation licensed by the Oklahoma State Insurance Commissioner to do business in the State of Oklahoma.

### JURISDICTION AND VENUE

3. This is an action arising from Central's failure to deal fairly and act in good faith toward Bainter in the handling of Bainter's claim for payment of medical costs covered by his Cancer Treatment Benefit Policy.

4. This Court has jurisdiction over the parties hereto, jurisdiction of the subject matter hereof, and venue is proper.

   I.   **FIRST CAUSE OF ACTION: BAD FAITH**

5. From December 2011 through March 2012, Lanny Bainter incurred costs for numerous cancer treatments and hospital stays for his wife, Vicki Bainter.

1



EXHIBIT 1

6. Throughout this time, Plaintiff and his family were insured under a Cancer Treatment Benefit Policy issued by Defendant, policy no. 87 79681, which contained coverage for the costs of various treatments, hospital confinements, and treatment-related travel expenses.

7. On February 1, 2012, June 30, 2012, and July 2, 2012, Plaintiff submitted his claims for reimbursement to Defendant along with the appropriate forms, receipts, and verification of Plaintiff's payment of those costs.

8. Between February 16th and October 17th, 2012 Defendant denied covered reimbursements to Plaintiff approximately eight (8) times.

9. On April 19, 2013, Plaintiff's attorney sent Defendant a letter wherein Plaintiff's attorney advised Defendant of a possible claim of bad faith and requested payment of the outstanding claims and explanation for the denials.

10. On May 2, 2013, Defendant responded, claiming that they had paid all valid claims in a timely manner, despite the fact that they paid only $82,286.60 of $353,934.70 in claims

11. On July 25, 2013, Plaintiff's attorney again contacted Defendant with documentation supporting Mr. Bainter's previously filed claims and demanded payment of the outstanding $262,837.80.

12. Defendant has refused to pay any portion of the outstanding claims to date.

### Duties Owed by Central

13. Central has a duty to promptly evaluate Bainter's claim under his policy with Central in a timely manner.

14. Central has a duty to promptly pay Bainter's claim under the provisions of his policy with Central in a timely manner.

15. Central has a duty to act reasonably in handling Bainter's claim against his policy with Central.

16. Central has a duty to deal fairly and act good faith toward Bainter in handling Bainter's claim against the provisions of his policy with Central.

17. Central must not treat Bainter in the manner which an insurer may treat third-party claimants to whom no duty of good faith and fair dealing is owed.

### Duties Violated by Central

18. In handling this claim, Central violated its duty to promptly evaluate Bainter's claim against the provisions of his policy with Central in a timely manner.

19. In handling this claim, Central violated its duty to promptly pay Bainter's claim against the provisions of his policy with Central in a timely manner.

20. In handling this claim, Central violated its duty to act reasonably in handling Bainter's claim against the provisions of his policy with Central.

21. In handling this claim, Central violated its duty to deal fairly and act good faith toward Bainter in handling Bainter's claim against the provisions of his policy with Central.

22. In handling this claim, Central treated Bainter in the manner which an insurer may treat third-party claimants to whom no duty of good faith and fair dealing is owed.

### Causation of Plaintiff's Damages

23. The actions of Defendant in failing to deal fairly and in good faith and to promptly evaluate and pay to Plaintiff the covered costs incurred in treatment of his wife's cancer in a timely manner and to pay the full amount of available insurance coverage from the first dollar to the limits of all available coverage in a timely manner, as well as facts alleged previously, constitute a violation of Defendant's duty of good faith on the part of Defendant.

24. The damages sustained by Plaintiff, more particularly described below, were produced in a natural and continuous sequence from Defendant's violation of one or more of the above described independent duties of Defendant.

25. The damages sustained by Plaintiff were a probable consequence from Defendant's violation of one or more of the above described independent duties of Defendant.

26. Defendant should have foreseen and anticipated that a violation of one or more of the above described independent duties would cause damages to Plaintiff.

### Damages Sustained by Plaintiff

27. Plaintiff is entitled to recover from Defendant the entire amount of his costs up to the full amount of coverage under his policy with Central and for punitive damages for Defendant's reckless disregard of its duty to deal fairly and act in good faith towards its insured.

28. Plaintiff is entitled to recover the entire loss from the first dollar up to the policy limits of his insurance policy.

29. The Plaintiff's damages are in excess of the amount required for diversity jurisdiction under 28 USC 1332 (currently $75,000.00) plus interest, costs and all such other and further relief for which should be awarded as judgment against Defendant Central in an amount to fully and fairly compensate Plaintiff for each and every element of damages that have been suffered.

30. In addition to the above, Plaintiff seeks **punitive damages** against Defendant for its actions/inactions in this matter.

### II.   SECOND CAUSE OF ACTION: BREACH OF CONTRACT

31. Plaintiff re-alleges and incorporates paragraphs 1 through 30 above, and further alleges and states the following:

4

32. Plaintiff and Defendant entered into a contract for Cancer Treatment Benefit insurance. Said contract was in full force and effect during the period from December 2011 through October 2012.

33. The contract between Plaintiff and Defendant provides that Plaintiff shall pay a monthly premium, and Defendant shall provide insurance for costs incurred by Plaintiff in relation to treatment for cancer, hospital stays related to that treatment and related travel expenses.

34. As of October 17, 2012, Plaintiff paid his monthly premiums up to date.

35. Defendant has failed to provide insurance for Plaintiff's incurred costs resulting from his wife's cancer treatment in accordance with the terms and intent of the contract entered between Plaintiff and Defendant.

36. As a result of Defendant's breach of contract, Plaintiff has suffered damages in the amount of $262,837.80plus attorney's fees, costs and interest.

## DEMAND FOR JURY TRIAL

37. The Plaintiff demands a jury trial for all issues of fact presented by this action.

## RESERVATION OF ADDITIONAL CLAIMS

38. The Plaintiff reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff, Lanny Bainter, prays for judgment against the Defendant, Central United Life Insurance Company, in a sum in excess of the amount required for diversity jurisdiction under 28 USC 1332 (currently $75,000.00) plus interest, costs and all such other and further relief as to which Plaintiff may be entitled.

Respectfully submitted,

LAIRD, HAMMONS, LAIRD, PLLC

*/s/ Chris Hammons*
Greg Laird, OBA #18093
Chris Hammons, OBA #20233
418 W. 4th Street
Claremore, OK 74017
Telephone: (918) 342-4357
Facsimile: (918) 342-4360
E-mail: greg@lhllaw.com
ATTORNEYS FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**